UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| NELSON ADIM IRABOR | CIVIL ACTION NO. 05-1871-M |
| VS. | SECTION P |
| BOARD OF IMMIGRATION APPEALS, | JUDGE JAMES |
| ET AL. | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is the Petition for Writ of *Mandamus* and *Habeas Corpus* filed by *pro se* petitioner Nelson Adim Irabor on October 21, 2005. Petitioner is an immigration detainee; he is presently in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/BICE) and is being detained at the Tensas Parish Detention Center in Waterproof, Louisiana. Petitioner seeks mandamus directing the Bureau of Immigration Appeals (BIA) to decide his appeal, He also seeks habeas corpus relief in the form of an order directing his immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner is a native and citizen of Nigeria. He entered the United States on some otherwise unspecified date and became a permanent resident alien in 1991. He married a United States citizen and the children born of that marriage are citizens of the United States. In 1996 he was convicted of forgery and simple battery in Georgia and sentenced to three years probation on

1

the former charge and twelve months confinement on the latter.

On March 28, 2003, he was detained upon his re-entry into the United States. On June 25, 2003, removal proceedings were instituted on the grounds that petitioner was an alien who had been convicted of a crime involving moral turpitude. [See INA §212(a)(2)(A)(i)(1)] Petitioner conceded removability but applied for relief in the form of cancellation of removal.

On July 23, 2004, the Immigration Judge denied his application, having found petitioner statutorily ineligible for the relief requested. On August 5, 2004, he applied for reconsideration; however, reconsideration was denied. At the same time he requested bond but claims to have received no answer. On August 20, 2004, he filed an appeal to the Bureau of Immigration Appeals (BIA). His appeal remains pending.

On March 16, 2005, he filed a petition for writ of *habeas corpus* which challenged the removal order. He also prayed for his immediate release from custody based upon the BIA's delay in adjudicating his appeal. On November 4, 2005, Magistrate Judge James D. Kirk authored a report which recommended transfer of the claims challenging his removal order to the United States Eleventh Circuit Court of Appeals pursuant to the provisions of the Real ID Act. of 2005, P.L. 109-13, 2005 HR 1268, 119 Stat. 231.[1] Magistrate Judge Kirk further recommended that the government's Motion to Dismiss the remaining claim concerning continued custody be denied. The Report and Recommendation is now pending before Judge James. [See *Irabor v.*

---

[1] The Real ID Act, which was enacted on May 11, 2005, divested the United States District Courts of jurisdiction over petitions for *habeas corpus* relief challenging final orders of removal. It also provides that "the district court shall transfer ... to the court of appeals" any case "challenging a final administrative order of removal" that is "pending in a district court on the date of the enactment" of the REAL ID Act – May 11, 2005. REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

*Gonzales, et al.*, No. 3:05-cv-00493 at Docs. 1(Petition), 9, 10 (Government's Motions to Dismiss), 13, 14 (Reports and Recommendations), and, 15, 16 (the Government's Objections to the Reports and Recommendations) and 17 (petitioner's opposition to the Government's objections)].

As stated above, petitioner filed the instant petition on October 21, 2005. In this new action petitioner asks the court to "...compel BIA and DHS ... to adjudicate his Motions and appeal that have been pending for over 16 months..." and "...enter an unconditional release of Petitioner from unlawful and punitive civil detention that has no terminating point..." [See Doc. 1-1, p. 8]

## **LAW AND ANALYSIS**

### 1. *Mandamus*

"[D]istrict courts ... have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Nevertheless the Supreme Court has recognized that mandamus against judges is a drastic and extraordinary remedy. *Ex parte Fahey*, 332 U.S. 258, 259-60, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947) (" We do not doubt power in a proper case to issue such writs, but they have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him ... As extraordinary remedies, they are reserved for really extraordinary causes.")

Likewise, the United States Fifth Circuit Court of Appeals has recognized mandamus as an "extraordinary remedy" requiring three jurisdictional prerequisites: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the

defendant to do the act in question; and, (3) no other adequate remedy available. See *United States v. O'Neil*, 767 F.2d 1111 (5th Cir.1985); *Green v. Hedler*, 742 F.2d 237, 241 (5th Cir.1984); *Sheeham v. Army & Air Force Exchange Serv.*, 619 F.2d 1132, 1141 (5th Cir.1980); *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir.1969).

Petitioner does not specifically address any of these factors.[2]

Additionally, it appears that on September 30, 2005, the BIA remanded petitioner's case to the IJ because the record forwarded for review did not contain the testimony of the hearing or the oral decision of the IJ. [See *Irabor v. Gonzales, et al.*, 3:05-cv-00493, Doc. 16 pp. 9-10, Decision of the BIA, *In re: Nelson Irabor*.] It thus does not appear that the delay in resolving this appeal is necessarily attributable to the BIA. Further, it appears that there is a reasonable explanation for the delay and that the BIA has taken steps to resolve the situation.

Petitioner having shown neither a clear right to relief, nor a peremptory duty on the part of the BIA, nor the complete absence of an ultimate remedy, his request for mandamus must be denied.

2. *Habeas Corpus*

Petitioner also seeks his immediate release from custody. As shown above, the claims

---

[2] Petitioner suggests that the failure of the BIA to adjudicate his appeal in a timely manner constitutes "...an abuse on liberty interest and The International Covenant of Civil and Political Rights..." He also makes a non-specific and general argument based on the due process guarantees of the United States Constitution. The undersigned is aware of the time limits for BIA review found in 8 C.F.R. s 1003.1(e)(8), a regulation cited by Magistrate Judge Kirk in the Report and Recommendation issued on November 4. [See 3:05-cv-00493, Doc. 14, footnote 1] However, as subsequently pointed out by the Government, the regulation also provides, "The provisions of ... paragraph (e)(8) establishing time limits for the adjudication of appeals reflects an internal management directive in favor of timely dispositions, but ... shall not be interpreted to create any substantive or procedural rights enforceable before any ... court of law or equity." See 8 C.F.R. s 1003.1(e)(8)(vi). See also 3:05-cv-00493, Doc. 16 p. 1.

4

raised herein are identical to those raised in the matter presently pending before Judge James. See *Irabor v. Gonzales, et al.*, 3:05-cv-00493.

A district court may dismiss a duplicative claim filed by the same plaintiff. *Friends of the Earth v. Crown Central Petroleum*, 95 F.3d 358, 362 (5th Cir.1996). Plaintiffs have no inherent right to maintain separate actions involving the same subject matter at the same time in the same court and against the same defendant. *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3rd Cir.1977). Thus, "[w]hen a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir.1985).

The *habeas corpus* claims raised in the instant petition are identical to those pending before Judge James in case number 3:05-cv-00493. As a practical matter, the instant petition alleges no different cause of action and no different request for relief – both seek release from custody pending the resolution of petitioner's appeal. Therefore, the *habeas corpus* claims associated with the instant petition should be dismissed as duplicative.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Mandamus [Doc. 1] be **DENIED** and **DISMISSED**;

**IT IS FURTHER RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED AS DUPLICATIVE** of the claim raised and pending in the matter entitled *Nelson A. Irabor v. Roberto Gonzales, et al.*, No. 3:05-cv-00493.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 14th day of December, 2005.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE